IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.,

          Plaintiff,

v.                                CIVIL ACTION NO. 2:14-cv-27022

RUSSELL GREENE,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Motion for Default Judgment. (ECF 6.) For the reasons discussed herein, that motion is **GRANTED**.

During the time period relevant to the instant motion, Plaintiff National Union Fire Insurance Company of Pittsburgh, PA ("National Union") provided Business Auto liability insurance to the State of West Virginia pursuant to Policy Number CA 350-62-97 ("the National Union Policy"). (ECF 1 (Plaintiff's Complaint for Declaratory Judgment) ¶ 1.) The defendant, Russell Greene, is an officer with the West Virginia State Police ("WVSP"), an entity named as an additional insured on the National Union Policy. On June 5, 2012, while driving a WVSP vehicle, Defendant was involved in a car accident with an uninsured driver and suffered injuries. Defendant requested Uninsured Motorist ("UM") benefits from National Union, and National Union informed Defendant and the WVSP that the National Union Policy at issue does not provide

for UM coverage. (*Id*. ¶ 2-3.) Defendant filed a lawsuit (Civil Action Number 14-C-1016) against the uninsured driver, Richard Moore, in the Circuit Court of Kanawha County, West Virginia, on June 2, 2014. (*Id*. ¶ 4.) Although National Union is not named in that action, Defendant provided National Union with a copy of the Summons and Complaint pursuant to West Virginia Code § 33-6-31(d). (*Id*.)

On October 20, 2014, Plaintiff filed the present action in this Court, seeking a declaration of rights under the policy pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. Defendant received Plaintiff's waiver of service form on October 20, 2014, and executed that waiver on October 29, 2014. (ECF 5.) Defendant did not answer the complaint or otherwise defend against it. On January 6, 2015, Plaintiff filed the present motion for default judgment. (ECF 6.) On August 31, 2015, the Court determined that the motion was premature and ordered the Clerk to enter default pursuant to Fed. R. Civ. P. 55(a). (ECF 12.) The Clerk entered default against the defendant, Russell Greene, on September 1, 2015. (ECF 13.) Plaintiff's motion is now ripe for the Court's consideration.

Upon default, all of the well-pleaded facts alleged in the complaint as to liability may be taken as true. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001)). A district court is "vested with discretion, which must be liberally exercised, in entering [default] judgments and providing relief therefrom." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). Where a defendant fails to respond to a complaint against him for declaratory relief after receiving proper service and the Clerk's entry of default, it is proper for the Court to grant default judgment against that defendant. *State Auto Prop. & Cas. Ins. Co. v. Fas Chek Enterprises, Inc.*, No. 2:15-CV-00809, 2015 WL 1894011, at *2 (S.D. W. Va. April 27, 2015).

The Court has determined that a hearing is unnecessary, and that default judgment is appropriate. Accordingly, the plaintiff's motion for default judgment is **GRANTED**, and the plaintiff is awarded the declaratory relief sought in its complaint and attached exhibits.

This Order **DECLARES**, as Plaintiff requests, that there is no UM insurance coverage for Defendant Russell Greene under the National Union Policy for the injuries received in the June 5, 2012 automobile accident with Richard Moore. The Court issues this order based solely on Defendant's default and the well-pleaded allegations in the plaintiff's complaint, taken as true for purposes of this motion. The Court does not make any judicial findings as to the proper interpretation of the contract at issue or any other matter raised by Plaintiff's complaint.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 28, 2015

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE